JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL NERSESIAN and LIDA NERSESIAN,<br><br>Plaintiffs,<br><br>v.<br><br><br>FEDERAL INSURANCE COMPANY; MKA INTERNATIONAL, INC.; and DOES 1 THROUGH 10;<br><br>Defendants. | Case No.:  2:25-CV-05012-MEMF-PVC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT. NO. 18] AND DISCHARGING ORDER TO SHOW CAUSE [DKT. NO. 24]** |

Before this Court is a Motion to Remand filed by Plaintiffs Carl Nersesian and Lida Nersesian. Dkt. No. 18. For the reasons stated below, the Motion is GRANTED, and this Court's Order to Show Cause, Dkt. No. 24, is DISCHARGED.

/ / /

/ / /

/ / /

1

## I.    Background

### A.  Factual Background[1]

Plaintiffs Carl Nersesian and Lida Nersesian own a house in Granada Hills, California. Dkt. No. 1-1 ("Compl.") ¶ 12. They insured the home with a homeowners' insurance policy issued by Defendant Federal Insurance Company. *Id.* In August 2023, their home was severely damaged in Hurricane Hilary. *Id.* ¶ *13*. They reported a claim to FIC. *Id.* ¶ 15. But FIC sought to underpay the claim and forgo the thorough claim investigation required by California law. *Id.* FIC hired Defendant MKA International, Inc. ("MKA") to provide a report on the cause and origin of the loss. *Id.* 20. MKA conducted an insufficient investigation, resulting in an incorrect report and allowing FIC to underpay the claim. ¶¶ 18, 23–27. Despite this, FIC relied upon the ensuing report and refused to pay out a claim that would enable Plaintiffs to rebuild their home. *Id.* ¶¶ 16–17, 30.

Plaintiffs are citizens of California. *Id.* ¶¶ 7–8. MKA is a corporation whose principal place of business is California. *Id.* ¶ 10.[2]

### B.  Procedural History

Plaintiffs initiated this action in Los Angeles Superior Court on April 29, 2025. Dkt. No. 1 ("NOR"), Ex. A. Their Complaint states three causes of action: (1) breach of the contractual duty to pay a covered claim; (2) breach of the implied covenant of good faith and fair dealing; (3) intentional interference with contractual relations. *See id.* Plaintiffs served FIC with a copy of the complaint on May 13, 2025. NOR ¶ 2.

---

[1] Except as otherwise indicated, the following factual background is derived from Plaintiffs' Complaint. Dkt. No. 1-1. ("Compl.") The Court includes these allegations only as background and makes no finding on whether they are true.

[2] The Complaint does not specifically allege FIC's citizenship, nor do the parties present argument about it in their briefing. This Court finds that, regardless of FIC's citizenship, the parties are not diverse, so it does not reach that question.

2

On June 3, 2025, FIC filed a Notice of Removal. NOR. There, FIC alleged that this Court has diversity jurisdiction over the matter. *Id.* ¶ 3. FIC explains that Plaintiffs are citizens of California, FIC is a citizen of Indiana and New Jersey, and MKA is a citizen of Colorado.[3] *Id.* ¶ 4.

On June 12, 2025, FIC filed its Answer to the Complaint. Dkt. No 6. As with the Notice of Removal, FIC alleges that MKA is a corporation incorporated in Colorado, with its president based in Georgia and its vice president based in Texas, and with no main office or headquarters. *Id.* ¶ 10.

On December 3, 2025, Plaintiffs filed the instant Motion to Remand. Dkt. No. 18 ("Motion"). Plaintiffs also filed, as an exhibit to the Motion, the Declaration of Michael Bischof, MKA's President. Declaration of Travis Corby, Dkt. No. 18-1, Ex. A ("Bischof Decl."). On December 23, 2025, FIC filed an opposition. Dkt. No. 20 ("FIC Opp."). FIC also filed the Declaration of Darlene M. McIver. Dkt. No 21 ("McIver Decl.") On December 29, 2025, MKA filed an opposition. Dkt. No. 22 ("MKA Opp.") On December 31, 2025, Plaintiffs filed a reply. Dkt. No. 23 ("Reply").

The Court found this matter appropriate for resolution without oral argument. Dkt. No. 28. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.Dkt. No. 28.

## II.    **Applicable Law**

"Federal courts are courts of limited jurisdiction." *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). They can only hear cases where there is a valid basis for federal jurisdiction. *Id.* One possible basis for jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Another basis for jurisdiction is diversity jurisdiction. *See 2*8 U.S.C. § 1332 ("Section 1332"). Diversity jurisdiction

---

[3]Per the Notice of Removal, MKA "is a corporation incorporated under the laws of the State of Colorado with its President based in Atlanta, Georgia, and its Vice President based in Dallas Texas, with no main office or headquarters, overall direction, control, and coordination of the corporation's activities is conducted from these locations, not primarily within the states of California, Indiana, or New Jersey." NOR ¶ 4.

requires "requires complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).

A natural person is a citizen of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state it has its principal place of business." *Id.* (quoting 28 U.S.C. § 1332(c)(1)). The parties are diverse if no plaintiff is domiciled in any state in which any defendant is domiciled at the time of removal. *Id.* While citizenship to a state is not necessarily tied to residence, a "party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Adams v. W, Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

"If the plaintiff subsequently challenges the removal, the burden is on the removing Defendant to prove that removal is proper." *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1006–07 (9th Cir. 2010); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the Defendant always has the burden of establishing that removal is proper."). The removing defendant must establish that removal is proper by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). All ambiguities should be resolved in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

### III.    Discussion

In support of the Motion, Plaintiffs advance one argument: This Court lacks diversity jurisdiction because MKA, a corporation with its nerve center in California, destroys complete diversity. In opposition, Defendants argue that Plaintiffs' motion should be stricken for failure to

4

comply with Local Rule 7-3, that MKA's nerve center is not in California, and that this Court therefore has jurisdiction even if it chooses to reach the merits.

For the reasons below, the Motion is GRANTED. As for the Rule 7-3 matter, though it appears the parties did not meet the Local Rule, this Court declines to strike the motion on this sole basis. And, because Plaintiffs have established that MKA is a California corporation, this Court lacks jurisdiction. For that reason, this Court must—and hereby does—remand the action to the Los Angeles Superior Court.

**A. Though the parties did not meet and confer in compliance with Local Rule 7-3, denial of the Motion is not warranted.**

As a threshold matter, Defendants argue that this Court should strike the Motion because "Plaintiffs did not make a good faith attempt to meet and confer with [FIC] to discuss the substance of the contemplated motion and any potential resolution with respect to the issues and position presented." FIC Opp. at 4.

Courts recognize a "public policy favoring disposition of cases on their merits." *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Nevertheless, "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." L.R. 7-2. And Rule 7-3 generally requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. "The conference must take place in person, by telephone, or via video conference at least 7 days prior the filing of the motion." *Id.* And, if the parties cannot reach a resolution, "counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* This is consistent with this Court's Civil Standing Order, which states that "the Court may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith."

Civil Standing Order § VIII.A. "Moreover, if the briefing reveals that the parties have not sufficiently conferred with respect to the issues and position(s) presented, the motion shall be stricken." *Id.*

Upon review of FIC's Opposition, and its claim that Plaintiffs failed to make good-faith efforts to meet and confer, this Court issued an Order to Show Cause for Plaintiffs' response. Dkt. No. 24. In response, counsel for Plaintiffs stated that they met and conferred with MKA at length. Dkt. No. 25 at 1–2.  And Plaintiffs "made a good faith effort to share, in detail, the basis for their motion to remand." *Id.* at 3. It appears that they did so via email on November 25, 2025, over one week prior to the filing of the Motion. *Id.*; *see also* FIC Opp. at 3. FIC did not respond. *Id.* at 2. Plaintiffs had also attempted to meet and confer on two prior occasions: during the parties' Rule 26(f) conference, and via phone call in April or May of 2025. *Id.* FIC, on both occasions, maintained that it disagreed with the Motion's basis and would not stipulate to the relief. *Id.*

Though Plaintiffs were not in full compliance with Rule 7-3, the Court is disinclined to deny the Motion on this basis. Importantly, it appears to this Court that Plaintiffs made good-faith efforts to comply with Rule 7-3, and did substantially comply with the Rule. Though some of this appears to have been via email, as opposed to real-time conversation as the Standing Order instructs, this Court is satisfied that both Defendants were substantially on notice of the Motion one week before it was filed. Moreover, Plaintiffs made material efforts—it appears, for over six months—to communicate on the Motion's substance and inquire as to whether the parties could reach resolution without court intervention. Further, Defendants do not allege, and this Court does not independently find, reason to think that they faced prejudice because of Plaintiffs' noncompliance with Local Rule 7-3. Indeed, as Plaintiffs note, it appears unlikely that meeting and conferring would have avoided the need of the motion, narrowed the issues, or better prepared this matter for this Court's adjudication. Dkt. No. 25 at 3.

The parties are reminded that future violations of Local Rules and the Court's Standing Order may result in motions being stricken, denied, or construed as unopposed. But this Court finds that good cause, and no prejudice, exists as to this Court's reaching of the merits. Therefore, the Motion is not denied due to noncompliance with Local Rule 7-3 and this Court's Standing Order.

**B. Defendants have not met their burden of showing MKA is not a citizen of California.**

The parties dispute whether MKA is a citizen of California, and therefore, whether this Court has diversity jurisdiction over this action.[4] Plaintiffs argue that MKA's "nerve center" is in California, so MKA—like Plaintiffs—resides in California and the parties are not diverse. Defendants argue that MKA's nerve center is *not* in California, so the parties are diverse. For the reasons below, Defendants have not met their burden of establishing this Court's jurisdiction, so remand is appropriate.

Plaintiffs' argument in favor of MKA being a California citizen is as follows. First, they argue—citing the Bischof Declaration—that MKA's filings with Secretary of State offices routinely identify the company's "principal" or "main" address as Walnut Creek, California. Motion at 6–7. Second, they note that California emerges as MKA's center of "actual business operations," considering the number of board members living in California, the number of board meetings held there in the last five years, and the number of offices in the state. *Id.* at 7.

In opposition, FIC argues that Secretary of State filings are insufficient proof of MKA's nerve center, citing *L'Garde, Inc. v. Raytheon*, 805 F. Supp. 2d 932 (C.D. Cal. 2011). Opp. at 4–5. It also argues that the fact that MKA's administrative, accounting, and payroll activities are based out of the Walnut Creek office is also insufficient proof of MKAs nerve center. *Id.* at 5.

A corporation's nerve center is a single place. *3123 SMB LLC v. Horn*, 880 F.3d 461, 469 (9th Cir. 2018) (citing *Hertz*, 559 U.S. at 93). But determining it when, as here, a corporation "has no main office or headquarters," and where directors are located around the country and hold their

---

[4] The parties do not argue that this Court has jurisdiction on any other basis than diversity. Nor, based on its review of the record, does this Court find reason to think that another jurisdictional basis may exist.

meetings via teleconference and around the United States, can be difficult. Opp. at 5–8. The Supreme Court in *Hertz* admitted that the nerve center test would create "hard cases" in situations like these. 559 U.S. 77 at 95. It explained:

> We recognize that there may be no perfect test that satisfies all administrative and purposive criteria. . . . For example, in this era of telecommuting, some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet. That said, our test nonetheless points courts in a single direction, toward the center of overall direction, control, and coordination. Courts do not have to try to weigh corporate functions, assets, or revenues different in kind, one from the other. Our approach provides a sensible test that is relatively easier to apply, not a test that will, in all instances, automatically generate a result.

*Id.* at 95–96. It nevertheless determined that the nerve center test was appropriate "in view of the necessity of having a clearer rule." *Id.* at 96.

Applying that nerve center test, and considering *Defendants'* burden to establish that removal was proper, Plaintiffs are entitled to remand. First, Plaintiffs do offer some evidence that MKA's nerve center is in California; they note, for example, that the board of directors has met in Walnut Creek, California, twice in the past three years. Motion at 3–4; see also Bischof Decl. ¶ 6. The board has met in no other location more than once in the past three years. Motion at 3–4. They also note that the board, through which MKA does business, is comprised of four people who live in four different states: California, Texas, Washington, and Georgia. Motion at 7; *see also* Bischof Decl. ¶ 5. And they note that "MKA operates the majority of its administrative and accounting and payroll activities" out of California. Motion at 9. To the extent that this evidence is not dispositive, citing *Hunter*, Plaintiffs argue that all ambiguities should be resolved in favor of remand. *Id.* In sum, based on these arguments, it appears that "no state other than California is better suited to be MKA's 'nerve center.'" *Id.* at 8.

Defendants' arguments to the contrary do not suffice to carry their burden of showing removal to federal court was proper.[5] First, Defendants attack Plaintiffs' evidence as insufficient to

---

[5] Defendants suggest that the burden is not theirs. *See* FIC Opp. at 2 ("Plaintiffs have failed to present sufficient evidence that MKA's nerve center is in California."). This is inconsistent with the requirement that Defendants demonstrate that removal was proper. *Valdez*, 372 F.3d at 1117; *Guglielmino*, 506 F.3d at 699. It is also inconsistent with this Court's independent obligation to ensure it has jurisdiction over matters before it.

show that MKA's nerve center is in California. Defendants argue that several of Plaintiffs' proffered factors (for example, the number of offices in each state) have no bearing on the location of a corporation's nerve center. It is true that office locations do not necessarily bear on a corporation's nerve center. *See Hertz*, 559 U.S. at 90 ("[C]orporations . . . locate offices and plants for different reasons in different ways in different regions[.]"). Similarly, Defendants argue that this Court should not consider MKA's Secretary of State filings listing Walnut Creek, California, as its principal address. FIC Opp. at 4–5. They cite to district court cases that "have found that reliance on a single piece of evidence, such as a Secretary of State printout, is insufficient for a party to prove the location of its headquarters under the nerve center test." *L'Garde*, 805 F. Supp. 2d at 940. This Court agrees that MKA's Secretary of State filings, taken alone, do not resolve the question. But "a variety of facts [may] persuade the Court to find, based on the totality of the circumstances, that the headquarters" of a party is in a given state. *Id.* And here, applying a similar totality-of-the-circumstances approach, this Court finds that MKA's nerve center is in California.

Second, more generally, Defendants do not argue that another state *is* MKA's nerve center—just that California is *not* MKA's nerve center. This undercuts their arguments, particularly in light of the Supreme Court's guidance that corporations have one nerve center. *See Hertz*, 559 U.S. at 93. They cite no authority for the idea that this Court could find that MKA simply has no nerve center localized in a state. To that end, even where this Court agrees that some of Plaintiffs' evidence is not dispositive, Defendants propose no other conclusion.

For these reasons, Defendants have failed to establish that removal was proper by a preponderance of the evidence. To that end, and resolving ambiguities in favor of remand, Plaintiffs' Motion is granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IV.     Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1.  The Motion is GRANTED.

2.  This Court's Order to Show Cause, Dkt. No. 24, is DISCHARGED.

3.  This case is REMANDED to the Superior Court for the County of Los Angeles.


IT IS SO ORDERED.


Dated: March 25, 2026.

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge